In re CARL DERNBURG & SON, Inc.

Petition of DERNBURG.

(Circuit Court of Appeals, Second Circuit. December 2, 1924.)

No. 98.

1. Bankruptcy ⬦341—Referee has full authority to inquire into defenses of claims based on preference or transfers.

Under Bankruptcy Act, § 57g (Comp. St. § 9641), the referee in bankruptcy has full authority to inquire into defenses of claims which are based upon preference or transfers.

2. Bankruptcy ⬦224—"Referee in bankruptcy" officer of court with no power not conferred by order of reference.

"Referee in bankruptcy" is not a separate court nor endowed with any independent judicial authority, but is merely an officer of the court of bankruptcy with no power not conferred by the order of reference.

[Ed. Note.—For other definitions, see Words and Phrases, Referee in Bankruptcy.]

3. Bankruptcy ⬦228 — Judicial functions of referee reviewable by bankruptcy court.

The judicial functions of referee in bankruptcy are always subject to review of bankruptcy court.

4. Bankruptcy ⬦224—Referee has no jurisdiction over plenary suit against third party when property is not in custody of court.

Referee in bankruptcy has no jurisdiction over a plenary suit in equity brought by trus-

tee in bankruptcy against a third party under Bankruptcy Act, § 70e (Comp. St. § 9654), when property is not in the custody or control of the bankruptcy court.

**5. Bankruptcy ⬤⇒341—Claimant, by presenting proof of debt, consents to jurisdiction of court to decide any defenses that may be lawfully interposed.**

Under Bankruptcy Act, § 57g (Comp. St. § 9641), claimant by presenting her proof of debt submitted her claim to the jurisdiction of the bankruptcy court, and must be deemed to have consented to the jurisdiction of the court to decide any defenses that may be lawfully interposed.

**6. Bankruptcy ⬤⇒341—Referee had jurisdiction to determine question of preference on trustee's objections to proof of debt.**

Under Bankruptcy Act, § 57g (Comp. St. § 9641) prohibiting allowance of claims unless creditor shall surrender voidable preferences, conveyances, transfers, assigns, or incumbrances, referee had jurisdiction to determine whether claimant who made proof of debt had received preferential payment on trustee's objections and motion to expunge proof.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Carl Dernburg & Son, Inc., bankrupt. On petition of Emma Dernburg to revise order of District Court denying motion to strike out objections to defense interposed by trustee. Affirmed.

Robert L. Turk, of New York City, for petitioner.

Rosenthal & Heermance, of New York City (S. Michael Ress, of New York City, of counsel), for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Carl Dernburg & Son, Inc., was adjudicated a bankrupt prior to May 22, 1922, and a trustee was appointed August 2, 1922. Emma Dernburg on May 22, 1922, filed a claim against the bankrupt's estate for $15,000. On March 28, 1921, she executed a guaranty of liability to the Manufacturers' Trust Company whereby she guaranteed the payment of "liability or liabilities on negotiable instruments due or not due now existing or hereinafter to be incurred to Carl Dernburg & Son, Inc., to a total of $15,000." On September 12, 1921, the bankrupt made a promissory note for $15,000 which was indorsed by Carl Dernburg. This note was not paid by the bankrupt and the petitioner

in due time paid it. After the filing of the claim by the petitioner, the trustee filed objections to the proof of the debt, claiming and alleging that the petitioner received from the bankrupt and failed to surrender certain voidable preferences within the provisions of the Bankruptcy Law consisting of cash, notes, and accounts receivable aggregating the sum of $3,777.60. The trustee gave notice of motion before the referee to expunge this proof of debt and disallow or reduce the same. The petitioner objected to the proceeding before the referee, contending that he had no jurisdiction to determine this question of preference brought up in a summary proceeding or to determine the issues as to preferences and that they could only be adjudicated in a plenary suit. The referee held otherwise, overruling this objection, and decided that he had jurisdiction to try this defense under section 57, subdivision g, of the Bankruptcy Act (Comp. St. § 9641). A certificate thereafter was issued to the District Court to bring the matter up for review, and that court approved the conclusion of the referee. From an order entered thereon this petition is taken.

Section 57g of the Bankruptcy Act reads: "The claims of creditors who have received preferences, voidable under section sixty, subdivision b, or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section sixty-seven, subdivision e, have been made or given, shall not be allowed unless such creditors shall surrender such preferences, conveyances, transfers, assignments, or incumbrances."

[1-6] There is no ambiguity in the language of this subdivision. The referee in bankruptcy has full authority to inquire into defenses of claims which are based upon preferences or transfers. We have held that the court has power to require the attachment lien to be released before an adjudication is entered, and that a creditor might prove his claim providing he surrenders his liens. In the Matter of Automatic Typewriter Company (C. C. A.) 271 F. 2; In re Stevens v. Nave-McCord, 150 F. 71. The referee in bankruptcy is not a separate court, nor endowed with any independent judicial authority. He is merely an officer of the court of bankruptcy, having no power except as conferred by the order of reference. His judicial functions are always subject to the review of the bankruptcy court. He has no jurisdiction over a plenary suit in equity brought by the trustee in bankruptcy against a third party under sec-

tion 70e (Comp. St. § 9654) when the property is not in the custody or control of the court of bankruptcy. Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898; Galbraith v. Vallely, 256 U. S. 46, 41 S. Ct. 415, 65 L. Ed. 823. Still where the claimant has submitted her claim to the jurisdiction of the bankruptcy court, as here, by presenting her proof of debt for $15,000, she must be deemed to have consented to the jurisdiction of the court to decide any defenses that may be lawfully interposed. The Court of Appeals of the Ninth Circuit has considered this and announced that the claims of creditors who have received preferences should not be allowed unless the creditors surrender their preferences holding that there was no ambiguity. In re Fixen & Co., 102 F. 295, 42 C. C. A. 354, 50 L. R. A. 605. There it was said: "When a creditor presents a bona fide claim against the bankrupt estate, the question to be determined is: Has the creditor received a 'preference' in his dealings with the bankrupt?"

The claim of necessity must be open to such defenses or offsets as the particular facts involved permit. The mere filing of the claim is not an allowance of it. It is essential that there be an examination of the claim. An examination contemplates any and all defenses to it. The statute specifically creates a defense, making a claim void or voidable where it appears that a transfer was made which granted the preference. It permits the creditor to press his claim if he is willing to surrender his preference. If he insists that there were no preferences, he may be heard in the forum of his selection where he files his proof of debt. Every person submitting himself to the bankruptcy court in the progress of the case for the purpose of having his rights in the estate determined makes himself a party to the suit and bound in the legitimate course of the proceeding. As was said in Wiswall et al. v. Campbell, 93 U. S. 347, 23 L. Ed. 923: "A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences."

We see no difference between this principle in the case of a creditor filing his written claim and submitting the proof to substantiate the claim. The trustee having interposed the defense, if the petitioner persists in her demand of payment of $15,000, she must answer the charge that she has received preferences in the proceeding before the referee.

Order affirmed.