## In re FREY.

District Court, E. D. Pennsylvania. May 23, 1928.

No. 10490.

1. Landlord and tenant ⬤⟾184(2)—Lessee's deposit as security for rent and faithful performance held security, not advance payment of rent.

Lessee's deposit with lessor as security for payment of rent and faithful performance of all the terms, conditions, and covenants of lease and indemnity for any costs or expenses to which lessor may be put by reason of lessee's default, *held* to constitute a security or pledge, not an advance payment of rent, notwithstanding provision for crediting deposit on last two months' rent, in view of lessor's agreement to pay interest on deposit.

2. Landlord and tenant ⬤⟾184(2)—Lessee's deposit as security held penalty, not liquidated damages, requiring lessor to prove actual damages to retain it.

Lessee's deposit with lessor as security for payment of rent and faithful performance of all the terms, conditions, and covenants of lease, and indemnity for any costs or expenses to which lessor may be put by reason of lessee's default, *held* to provide for penalty and not for liquidated damages, since it covered numerous breaches of totally different kinds, and involving entirely disproportionate amount of damages, and therefore, if any retention thereof is to be allowed to landlord, actual amount of damages must be shown.

3. Landlord and tenant ⬤⟾194(1)—Landlord accepting bankrupt lessee's unqualified surrender of lease loses right to enforce unmatured obligations and rent maturing because of bankruptcy.

Under law of Pennsylvania, lessor's unqualified acceptance of surrender of lease by bank-

rupt lessee causes lessor to lose not only right to enforce unmatured obligations depending on continuance of lease, but also the right to enforce an obligation to pay rent which has matured by virtue of a provision of lease that on bankruptcy entire rent reserved for the term shall become due and payable.

4. **Bankruptcy ⟐⟩318(4)—Landlord and tenant ⟐⟩184(2)—Landlord has preferred claim for rent accrued on tenant's bankruptcy, but after surrender of lease he may not retain deposit as penalty.**

On tenant's bankruptcy, landlord has preferred claim for rent accrued, but he may not, after surrender of lease, retain a deposit held as penalty or as security against defaults which have been waived by the surrender.

In Bankruptcy. In the matter of Albert L. Frey, trading as Frey & Co., bankrupt. On certificate to review referee's order involving right of bankrupt's landlord to retain deposit. Affirmed.

Jerome Bennett (of Wessel, Bennett & Weiss), of Philadelphia, Pa., for plaintiff.

Joseph Moss, of Philadelphia, Pa., for bankrupt.

KIRKPATRICK, District Judge. This certificate of review from the referee's order involves the right of a landlord to retain a deposit made by the tenant at the beginning of a lease; the tenant having become bankrupt and the lease having been surrendered by his trustee. The facts are as follows:

On March 31, 1926, Albert L. Frey leased from Market-Thirteenth Street Realty Company a storeroom and basement on Thirteenth street in Philadelphia for a period of nine years and one month at a monthly rental, payable in advance, of $750 per month for the first year, and thereafter on an increasing monthly basis. The tenant failed to pay the installments of rent due February 1, 1927, March 1, and April 1, and was thus $2,250 in arrears for rent actually accrued. On April 5, 1927, the tenant was adjudicated a bankrupt. On April 8, a receiver was appointed and remained in possession until May 3, 1927. Subsequently, the landlord filed a claim in the amount of $2,250, being for rent due February 1, March 1, and April 1, and up to May 3. This included $550 for the receiver's use and occupation, which amount was paid, leaving a balance of rent due of $1,700. There was also a claim filed for $88, the value of a plate glass window broken during the receiver's occupancy. The referee found that the landlord's claim for the rent was valid, but found further that the landlord had at the inception of the lease received the sum of $1,500, which had been deposited

26 F.(2d)—30½

with him by the tenant when the lease was executed, and the referee's conclusion was that this amount should be deducted from the landlord's claim. The clause in the lease under which this sum of $1,500 was deposited is as follows:

"As a condition precedent to the leasing of the herein demised premises by the lessor to lessee, lessee agrees to hereby deposit with the lessor the sum of fifteen hundred dollars ($1,500.00) in cash as security for the payment of the rent herein received and the faithful performance by the lessee of all the terms, conditions and covenants of this agreement of the lease, as well as to indemnify the lessor for any costs or expense to which lessor may be put by reason of any default as aforesaid by the lessee. Receipt of the sum of fifteen hundred dollars ($1,500.00) the security deposit hereinbefore mentioned, is hereby acknowledged by the lessor. The lessor agrees to pay interest to lessee on the aforementioned security deposit of fifteen hundred dollars ($1,500.00) at the rate of six per cent. (6%) per annum and to repay the lessee the said sum of fifteen hundred dollars ($1,500.00) so deposited as security, by crediting the same on account of payment of the rent for the last two months of the herein demised term. Provided that all of the terms, conditions and covenants of this agreement of lease shall have then been fully complied with by the lessee."

The landlord contended that he was entitled to retain this deposit of $1,500 in addition to recovering the rent due, because he had incurred certain damages by reason of the tenant's default upon the lease, which damages he itemized as follows:

| | |
|---|---|
| Rent for the month of May......... | $ 750.00 |
| Rent for the month of June......... | 833.30 |
| Commision for leasing the premises to another tenant .............. | 652.00 |
| Total ...................... | $2,235.30 |

The referee also found as a fact that the landlord had accepted an unqualified surrender of the premises from the trustee on May 3, 1927. The correctness of this conclusion, so far as the facts appear of record, is doubtful (Rosenblum v. Uber [C. C. A.] 256 F. 584), but the parties have removed all question by stipulating that "on the 3d day of May, 1927, the trustee made an absolute surrender of possession of the premises in question to the landlord, and that the said surrender was accepted by the said landlord."

There can be no question that the landlord was entitled to a preferred claim in the

amount of $1,700 for the three monthly installments which had fallen due prior to the bankruptcy. The landlord, however, had already received a deposit of $1,500, which was made at the beginning of the lease. The question here is whether, under the facts as shown in this case, the landlord is entitled to retain this deposit in addition to his rent claim.

[1] The first thing to determine is the legal effect of the clause in the lease under which this deposit was made. A clause providing for a deposit of this kind is a common provision in leases, and such clauses have been variously construed by the courts to make the deposit an advance payment of rent for the last portion of the term, as a consideration, or an additional consideration, for the giving of the lease, or as security for the payment of rent or performance of tenant's obligations under the lease. In this case, the deposit is distinctly described as "security for the payment of the rent * * * and the faithful performance by the lessee of all the terms, conditions and covenants of this agreement of lease, as well as to indemnify the lessor," etc. While the law will ordinarily look beyond the name which the parties have given to a particular transaction to discover its true character, nevertheless in this clause the parties have expressly declared their intention that this deposit shall be a security, or pledge, and we find no reason to declare it to be anything else. On the contrary, the fact that the money is to be ultimately repaid indicates that it is not an additional consideration for the giving of the lease, and, even though the repayment is to be made by allowing a credit upon the last two months' rent, the fact that the landlord is to pay interest upon the deposit while he retains it, the fact that the rental of the last two months under the lease would be $1,833.34 and not $1,500, and the total absence of any reference to this deposit as an advance payment, all indicate that it is not such. We therefore conclude that it is what the parties said it was; namely, a security or pledge to the landlord.

[2] But the further question arises whether it was intended as liquidated damages or as a penalty. We think it perfectly clear, from the fact that it was to cover any number of breaches of totally different kinds and involving entirely disproportionate amount of damages, that it is a penalty, and that, if any recovery under it or retention of it is to be allowed, the actual amount of damage must be shown. This view, although not expressly accepted by the landlord, seems to be acquiesced in by him, by reason of his offer to show various items of loss accruing to him through the tenant's default.

Now the landlord has shown that the premises were unoccupied, at least so far as an income producing tenant was concerned, from May 3 to July 1, 1927. It was also shown that he was compelled to pay $650 in commission for obtaining a new tenant. This would establish a prima facie showing of damages to that amount. If the trustee had been permitted to prove what he offered to prove at this point, namely, that the new lease was at a greatly increased rental over that paid by the bankrupt tenant, the whole question would probably have been disposed of, because it would have appeared that the landlord had not incurred any loss through the tenant's default, but, on the contrary, had made a distinct gain. If the landlord's proof of damages were accepted, it would follow that this rebutting proof should also have been admitted. The referee, however, sustained an objection to an offer of this new lease or rather to questions about its terms, and we are therefore brought to the question of the effect upon the landlord's position of his acceptance of the trustee's surrender of the premises.

[3] In Re Barnett, 12 F.(2d) 73, the Circuit Court of Appeals for the Second Circuit, in deciding a question arising under the law of Pennsylvania, said: "It is settled law in the Third circuit that if, under the law of Pennsylvania, the lessor, on the bankruptcy of the lessee, accepts the surrender of the lease, all unmatured obligations depending upon a continuance of the lease are terminated." We think that this statement of the law in this circuit is correct so far as it goes. The review, in that opinion, of cases arising here is exhaustive and accurate. Rosenblum v. Uber (C. C. A.) 256 F. 584, is not included, because in that case there was no surrender. The rule, however, is even broader than the statement of it in Re Barnett. Upon an unqualified surrender, the landlord loses not only the right to enforce unmatured obligations depending upon the continuance of the lease, but also the right to enforce an obligation to pay rent which has matured by virtue of a provision in the lease that upon bankruptcy the entire rent reserved for the term should become due and payable. It would seem, moreover, that this result follows whenever the termination of the lease is followed by entry and occupation by the landlord, whether the lease is terminated by voluntary surrender or by forfeiture under a provision giving the landlord the right to for-

feit for breach of any term. The latter was the situation in South Side Trust Co. v. Watson (C. C. A.) 200 F. 50. That decision disposes of any contention based upon the clause of the lease at the end of paragraph 10 providing that the entire rental shall become due and payable upon filing of the petition in bankruptcy against the lessee.

[4] Inasmuch as the deposit in this case is a penalty, the landlord's right to retain it is measured by his legally provable damages arising from past breaches. He has shown none beyond the loss of the rent actually accrued. The decisions in this circuit prevent his recovering or claiming as damages any loss arising from unperformed obligations depending upon a continuance of the lease. For the rent accrued, he has a preferred claim, but he may not, after the surrender of the lease, retain a deposit held as a penalty—security against defaults which have been waived by the surrender.

The set-off of $88 allowed to the claimant by the referee is proper.

The order of the referee is affirmed.