## FLORO REALTY & INVESTMENT CO. v. STEEM ELECTRIC CORPORATION et al.

No. 12145.

Circuit Court of Appeals, Eighth Circuit.

May 25, 1942.

As Amended on Denial of Rehearing June 24, 1942.

Arthur V. Lashly, of St. Louis, Mo. (Robert G. Maysack, of St. Louis, Mo., on the brief), for appellant.

Harry S. Gleick, of St. Louis, Mo. (Gleick & Strauss, of St. Louis, Mo., on the brief), for appellees.

Before SANBORN and WOODROUGH, Circuit Judges, and TRIMBLE, District Judge.

TRIMBLE, District Judge.

This appeal is from an order of the District Court decreeing the disposition of a deposit made to secure the payment of monthly installments of rental, the cor-

porate lessee having breached the contract of lease by filing a petition for corporate reorganization and by failure to pay rent when due; the lessor, relying upon the terms of the lease contract, having declared the contract of lease cancelled and having sought possession of the property through the bankruptcy court. There is no serious dispute between the parties as to the facts, the controversy being as to the law applicable upon those facts.

On January 17, 1940, the Steem Electric Corporation as lessee entered into a contract of lease with the Hilmer-Dutton Realty Company covering certain premises in the City of St. Louis, Missouri, for a term of five years, at a specified monthly rental, the term to begin on May 1, 1940. Under the terms of the lease the lessee deposited with the lessor the sum of $3,000 to secure the payment of rentals when due. Except for provisions that in case of purchase the deposit was to apply on the purchase price, and was to apply on rentals for a part of the last six months of the rent term, the lease contained no other covenant respecting the disposition of the deposit, and made no mention of the date on which it was to be returned to the lessee in the event it was not applied to the payment of rent. That is to say, there was no covenant that this deposit might be regarded as liquidated damages or might be used in any manner to pay damages. The contract also provided that in the event of insolvency of the lessee or the failure to pay rentals when due the lessor might cancel the lease at its option.

Subsequently, the lessor, Hilmer-Dutton Realty Company, assigned its interest in the lease to the appellant, Floro Realty and Investment Company, a corporation, hereinafter referred to as Floro.

The lessee, Steem Electric Corporation, on August 1, 1940, filed its petition for reorganization, alleging insolvency. Asserting and relying upon its option to cancel, under the terms of the lease, Floro, on November 30, 1940, served a written notice of cancellation, and on January 24, 1941, came into court by formal petition, in which it alleged a breach of the contract of lease on the part of the lessee by filing the petition for reorganization and failure to pay rent, and prayed an order directing the surrender of the leased premises. In neither the notice nor the motion was it indicated that the lessor was taking possession for the benefit of the lessee. On December 2, 1940, the court entered a decree confirming the debtor's plan of reorganization, under the terms of which Steem Electric Corporation, Inc., took over all the assets and property of the debtor, and for all practical purposes became the successor of the debtor, and entered into the possession of the leased premises on January 1, 1941. When the petition for the surrender of the premises was filed by Floro, the debtor and its successor were in arrears in the payment of rentals and were protesting that the court was without jurisdiction to make any order relative to the possession of the premises, because the premises were then in the possession of the debtor corporation's successor, over which the Court had retained no jurisdiction, and contending that Floro should proceed against the successor by plenary action and not summary.

Upon a hearing the motion for delivery of the premises was sustained, and delivery of the premises ordered, upon the ground that the conditions in the contract of lease authorizing cancellation had occurred and the option to cancel had been exercised, this order being entered on February 21, 1941, delivery to be within sixty days. On that same date Floro's motion for the payment of rentals as costs of administration for the use and occupancy of the premises was heard, and the Court entered an order decreeing that the Steem Electric Corporation, Inc., debtor's successor, should pay to Floro as a cost of administration for the use and occupancy of the premises the monthly rentals provided in the lease, from October 1, 1940, until such time as the order of the court was complied with and possession surrendered. Thereafter, debtor and its successor filed a joint motion for the modification of the decree of February 21, 1941, and in that motion prayed that Floro be decreed to return to them the $3,000 deposited as security for payment of rentals under the lease. This motion was overruled by the court on March 3, 1941, on the ground that Floro was entitled to hold the deposit as security for the payment of rentals until the premises were surrendered, and in this order the Court expressly declined to pass on the question of the return of the deposit, the court stating:

"It should be definitely understood that at this time the court is not determining any of the many questions which may arise relative to the rights to the $3,000.00 in the event the premises are surrendered. The only question determined at this time is,

that until the premises are surrendered, the Steem Electric Corporation cannot under any theory be entitled to the return of the deposit guaranteeing the payment of the rent."

Thereupon the debtor and its successor paid the rentals, surrendered possession of the property in compliance with the orders of the court, and, thereafter, on July 7, 1941, filed an amended joint motion for refund of the $3,000 deposit above described.

Floro filed a motion to dismiss the joint and amended joint motions of the debtor and its successor, in which motion it alleged that the debtor and its successor had not at any time had possession of the deposit; that Floro was holding the deposit as an adverse claimant under Section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46; that the court had no jurisdiction to proceed against Floro in the summary action for the return of said deposit; that Floro expressly dissented from and objected to the hearing of the amended motion in the summary proceeding; that under the terms of the lease a forfeiture thereof should not relieve the lessee from the obligation to make the monthly payments of rent reserved in the lease; that the lessee remained liable for rent under the lease despite the termination of the lease by the default of the lessee; that since there was a continuing duty on the lessee to pay the rent reserved for the balance of the term of the lease, the amended joint motion was premature for the reason it could not be determined until the expiration of the five-year term of the lease what credits would be due on the rent account.

On August 19, 1941, after a hearing, the court entered an order sustaining the motion for the return of the deposit upon the ground that Floro had submitted to the court for determination the question of the right to retain the deposit and at the same time have possession of the premises, that Floro elected to take possession and cancel the lease and no future rents could accrue; the deposit was not in the nature of a sum agreed upon as liquidated damages; the motion of debtor and its successor was not premature. Thereupon, the court entered its formal decree ordering the return of the $3,000 deposit by Floro to the debtor and its successor. From this order and decree comes this appeal.

Appellant Floro relies upon three propositions of law to reverse the decision of the court below: that the court had no jurisdiction in a summary action to enter an order or decree directing the return of the deposit; that the joint motion and amended joint motion for the return of the deposit was premature; that since the lease was terminated solely by failure of debtor as lessee to pay rent and the filing of the petition for reorganization under the provisions of the lease lessee was liable for rent for the entire term, and the court erred in ordering a return of the deposit.

■ Assuming without holding that the Bankruptcy Court, of its own motion, or on that of an interested party, would have been without jurisdiction in a summary action to order a return of the $3,000 deposit, Floro having submitted to the court its claim for possession of the property involved, brought to the court for determination not only the questions which it deemed germane to its rights of possession but also all questions of defense which would be lawfully interposed, and cannot thereafter withdraw, but that court has jurisdiction thereupon to determine all controversies in relation to the claim thus submitted.

The Second Circuit Court of Appeals had before it a case in point, and there said:

"He [the referee] has no jurisdiction over a plenary suit in equity brought by the trustee in bankruptcy against a third party under section 70e (Comp.Stat. Sec. 9654 [11 U.S.C.A. § 110, sub. e] ) when the property is not in the custody or control of the court of bankruptcy [Citing authorities]. Still where the claimant has submitted her claim to the jurisdiction of the bankruptcy court, as here, by presenting her proof of debt for $15,000, she must be deemed to have consented to the jurisdiction of the court to decide any defenses that may be lawfully interposed. * * *

"As was said in Wiswall v. Campbell, 93 U.S. 347, 23 L.Ed. 923: 'A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court and must abide the consequences.'" In re Carl Dernburg & Son, Inc., 5 F.2d 37, 38.

In Re Barnett, 12 F.2d 73, 79, the Court of Appeals for the Second Circuit had before it for consideration a case very similar to the one at bar. The lessee deposited Liberty bonds to secure the faithful per-

formance of the covenants of the lease, and thereafter an involuntary petition in bankruptcy was filed against the lessee. Subsequently the lessor, under the terms of the lease, sent to the bankrupt and the receiver a written notice of cancellation of the leases involved, and demanded surrender of the possession of the premises. Pursuant to said notice the landlord took possession of the demised premises, not for the purpose of reletting for the benefit of the tenant, but for his own benefit as the leases were "canceled and terminated". Thereupon, the landlord moved before the Referee for an order requiring the trustee to pay him the sum of $625, which the trustee had realized from the sale of fixtures. This claim was not disputed by the trustee, but he claimed that this sum should be taken out of the Liberty bonds which the landlord held as security under the lease, and the balance of such bonds should then be turned over to the trustee. While the question of the summary jurisdiction of the bankruptcy court was not directly raised, so far as the opinion discloses, that question being jurisdictional, the court felt that it must pass upon it. At page 81 of 12 F.2d the court said:

"Where a claimant submits his claim to the jurisdiction of the bankruptcy court, he thereby consents to the jurisdiction of the court to decide any defenses that may be lawfully interposed." Citing In re Carl Dernburg & Son, supra.

To the same effect see Florance et al. v. Kresge, 4 Cir., 93 F.2d 784, 786, where it was said: "We agree with the learned District Judge that the court below had jurisdiction to adjudicate the rights of the parties with respect to the claims asserted by the receivers and trustee against Kresge. The later had made himself a party to the cause, both by filing an unsecured claim with the referee and by filing an intervening petition with the court asking. that moneys in the hands of the receivers be turned over to him. Both claims related to his contract with bankrupt for the subletting of the property; and the claims asserted by the trustee and receivers were counterclaims arising out of the same contract. We see no reason why the court of bankruptcy should not pass upon the claims in favor of the bankrupt estate and set them off against the claims filed against the estate and its receivers; and, under the recent decision of the Supreme Court in Alexander v. Hillman, 296 U.S. 222, 56 S.

Ct. 204, 209, 80 L.Ed. 192, we see no reason why the court, which is a court of equity even though exercising special statutory powers, should not proceed to render judgment against Kresge for any balance found to be due by him." See, also, Alexander v. Hillman, supra.

While the case of Case v. Los Angeles Lumber Co., 308 U.S. 106, 126, 127, 60 S.Ct. 1, 12, 84 L.Ed. 110, is not on all fours with the case at bar on the facts, the Supreme Court passed on substantially the same question involved in this case and said: "And once the jurisdiction of the court has been invoked, whether by the debtor or by a creditor, that petitioner cannot withdraw and oust the court of jurisdiction. He invokes that jurisdiction risking all of the disadvantages which may flow to him as a consequence, as well as gaining all of the benefits."

The appellant has cited several cases to support its theory that it had not consented to the summary jurisdiction of the court, but almost, if not all of them, are cases where the property involved was in the possession of an adverse claimant who was not seeking relief from the bankruptcy court, and had not submitted to the court's jurisdiction, and none in point here.

■ It is true that when the bankruptcy court was asked to pass upon the question of the return of the $3,000 deposit, Floro objected to the court doing so in a summary action, but that objection came too late, as it had already invoked the jurisdiction of the bankruptcy court and could not then withdraw, and no new consent on its part was necessary.

■ The law applicable to the surrender of leased property is that of the state of the situs of the property. In a case arising in Missouri, this court, speaking through Judge Van Valkenburg, has definitely held that to be the law. In that case it is said: "The question of surrender, whether by intention of parties or by operation of law, is to be determined by the law of the state in which the demised premises are situated. The law of that state governs the rights and liabilities of the parties in an action for rent against a tenant who is charged with abandonment of the premises. * * * This is the general rule applicable to real property." Hotz v. Federal Reserve Bank of Kansas City, 8 Cir., 108 F.2d 216, 218, 219.

342

In Re Barnett, supra, which arose in the Southern District of New York, the court said: "It is an unquestionable principle of general law that the law of the state in which land is situated controls its alienation, transfer, and descent."

The appellant in its contention that the lessee continued liable for rent after the surrender of the leased premises, and, therefore, the motion of debtor and its successor for the return of the $3,000 deposited to secure payment of rent is premature, fails to distinguish between a surrender or abandonment of the demised property on the part of the lessee, and a termination or cancellation of the lease by the lessor.

There appears in the record a "Motion of Floro Realty and Investment Company for Order Decreeing Surrender of Premises Occupied by Debtor" at page 21, and on page 23 there appears in said motion the following allegations: "(8) That by reason of the aforesaid breaches by said Lessee of the provisions of said lease, petitioner as Lessor therein did on the 30th day of November, 1940, exercise its option of cancelling and forfeiting said lease. That on said date a written notice of the cancellation of said lease, * * * was delivered to * * *", debtor's successor.

 As said by the learned trial judge: "As to the rights of the parties to the $3,000.00 deposit, the Realty Co. (Floro) had the right of election under the lease to either continue the lease after the insolvency of the lessee or cancel it. If it elected to continue the lease and hold the property in trust for the lessee with the consequent continuing liability of the lessee for the payment of rent, such an intention should have been clearly indicated. It did not so elect but clearly indicated it desired the complete title to the property. Such being the case, the obligation to pay future rents ceased. The lessor may have the continued obligation of the lessee to pay rents according to the terms of the lease or it may have the absolute possession and title to the property, but not both."

We adopt the above language as the language of this court, as it clearly and succinctly states the law, which is supported by the Missouri cases. In Sharon v. American

Fidelity Co., 172 Mo.App. 309, 157 S.W. 972, 974, the Missouri court said: "The law seems to be clear that if a lessor enters the premises and declares a forfeiture for a failure of the lessee to pay rent, all rent then fully accrued is collectible by the lessor, but for the rent which has not fully accrued at the time of entry and forfeiture an action cannot be maintained."

See, also, Von Schleinitz v. North Hotel Co., 323 Mo. 1110, 23 S.W.2d 64; Jennings v. First Nat. Bank, 225 Mo.App. 232, 30 S.W.2d 1049; Thomas v. Roth, Mo.App., 157 S.W.2d 250; In re Frey, D.C., 26 F.2d 472.

"But, the appellant landlords did not accelerate the maturity of the lessee's obligation for future rent and, after the appointment of the trustee in bankruptcy, they in effect accepted a rejection of the lease as an asset of the bankrupt's estate. They participated in hearings to fix the amount allowable to them for the trustee's use and occupancy of the property and obtained an allowance therefor. And, after the termination of the trustee's use and occupancy of the property, the landlords made a re-entry. Such action was inconsistent with a claim for future rent. They could not have both the premises and a claim for rent for the balance of the term." In re Mount Holly Paper Co., 3 Cir., 110 F.2d 220, 224.

In re Homann, 2 Cir., 45 F.2d 481, is not in point because there the contract of lease made the tenant's deposit security for the full performance of all of the obligations of the tenant under the lease, and the lease was construed as if it had expressly provided "that the security may be used to satisfy damages caused by loss of rentals subsequent to the termination." 45 F.2d 483.

 The appellant, Floro, having elected to declare a cancellation and forfeiture under the lease, and demand and accept surrender of possession, all obligation for payment of future rents ceased. This being the case, the motion of debtor and its successor for return of the deposit was not premature.

The judgment of the court below was right and is affirmed.