## In re CONTINENTAL PRODUCING CO.

(District Court, S. D. California, S. D.   October 30, 1919.)

### No. 3284.

1. **BANKRUPTCY ⬅️224—REFEREE HAS NO JURISDICTION AS TO ADVERSE CLAIMS.**

A referee has no jurisdiction, except that conferred by Bankruptcy Act July 1, 1898 (Comp. St. §§ 9585–9656), which, in the absence of consent, does not extend to the determination of a controversy between a bankrupt or his trustee and a third party, in which a bona fide adverse claim is made by such party.

2. **BANKRUPTCY ⬅️224—JURISDICTION OF REFEREE AS TO COUNTERCLAIMS.**

While Bankruptcy Act July 1, 1898, § 68a (Comp. St. § 9652), confers on a referee jurisdiction to consider the merits of a counterclaim asserted by the trustee against a creditor, it is only for the purpose and to the extent of ascertaining the net amount, if any, due to the creditor.

3. **BANKRUPTCY ⬅️224—JURISDICTION OF REFEREE AS TO COUNTERCLAIM.**

Where a counterclaim, which a trustee seeks to set off against the claim of a creditor, clearly exceeds such claim, unless the trustee waives the right to any excess, the referee should refuse to consider and determine it, but should make an order, on allowance of the creditor's claim, withholding any payment thereon until the counterclaim can be adjudicated in a court of competent jurisdiction.

4. **BANKRUPTCY ⬅️224—JURISDICTION OF REFEREE AS TO COUNTERCLAIM.**

A referee *held* without jurisdiction, over the objection of a creditor, to make a finding of the amount due from him to the bankrupt estate on a counterclaim, in excess of his claim against the estate.

In Bankruptcy.   In the matter of the Continental Producing Company, bankrupt.   On petition of Simon Goldstein to review order of referee.   Reversed.

Hunsaker & Britt, Le Roy M. Edwards, Samuel Poorman, Jr., and G. H. Janeway, all of Los Angeles, Cal., for petitioner.

Adams, Adams & Binford, of Los Angeles, Cal., for trustee.

I. Henry Harris, of Los Angeles, Cal., for bankrupt.

BLEDSOE, District Judge.   In this matter Simon Goldstein filed his claims as a creditor for sums in excess of $6,600 against the bankrupt estate.   They were duly allowed, but thereafter the trustee petitioned for their reconsideration, and by way of defense set up a counterclaim in the sum of $43,700 as for moneys owing to the bankrupt from the creditor upon an entirely disconnected transaction.   Over the timely and insistent objection of the creditor, and without his consent (Bankruptcy Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 [Comp. St. § 9607]), the referee proceeded to a hearing upon the merits of the set-off or counterclaim, and determined that the same was well taken. After allowing the claims of the creditor, he made and entered the following order:

"The trustee is entitled to a set-off against the claims filed by Simon Goldstein in the within matter, and allowed at $1,916 and $4,703.25.

"And it is ordered and adjudged that Simon Goldstein is indebted to the Continental Producing Company in the amount of $37,080.75, with lawful interest thereon from August 30, 1916, being the difference between the sum of $43,700 and the proven claims of Simon Goldstein as allowed."

Upon petition for review, it is urged that the consideration of the counterclaim of the trustee was without and beyond the jurisdiction of the referee in any capacity or for any cause, and that the order made by him, in so far as it purports to make a finding of indebtedness due from Simon Goldstein to the Continental Producing Company in the sum of $37,080.75, is void.

[1] After a careful consideration of the matter, I can see no escape from the conclusion thus sought to be established by the petitioner. The referee's court and his jurisdiction are creatures merely of the Bankruptcy Law, and he possesses no jurisdiction or authority save that conferred upon him by that statute. The purpose of the Bankruptcy Law, as well, indeed, as the function of the bankruptcy court, is to collect, administer, and distribute, to those ratably entitled thereto, estates of bankrupts. It has been specifically pointed out, however (Bardes v. Hawarden Bank, 178 U. S. 524, 537, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Wood v. Wilbert, 226 U. S. 384, 387, 33 Sup. Ct. 125, 57 L. Ed. 264; In re Hutchinson & Wilmoth, 158 Fed. 74, 85 C. C. A. 404; Collier on Bankruptcy [11th Ed.] pp. 516, 519, 523, 531, 539–541), that no general jurisdiction, especially in the absence of consent, was accorded to the bankruptcy court to determine controversies between the bankrupt or his trustee and a third party, with respect to which a bona fide adverse claim was made by such party.

Section 68 of the Bankruptcy Act (Comp. St. § 9652), does provide that, in all cases of mutual debts or mutual claims between the estate of the bankrupt and a creditor, the "account shall be stated, and one debt shall be set off against the other, and the balance only shall be allowed or paid." Respondent's contention is that, the trustee's counterclaim having been urged under the terms of this section, it became the duty of the referee to give it consideration for the purpose of enabling the account to be stated and one debt to be set off against the other. He insists that this would have been clearly so, had the counterclaim been for a less amount than the total claim presented by the creditor against the bankrupt estate, and that in such event, under established precedents, it would have been the duty of the referee to strike a balance and allow the claim of the creditor only for such overplus as was shown to exist. It is then said that if the referee could thus enter upon a consideration of the entire matter, with respect to any amount up to the very sum demanded by the creditor, out of considerations of expediency, if not of necessity, it was proper that the referee should proceed in like manner with respect to a case in which the amount claimed by the trustee against the creditor was in excess of the claim presented by the creditor himself. Then it is asserted that, if it were found in the course of such hearing that the amount thus claimed by the trustee was a valid charge against the creditor, a finding to that effect should be made, as was done in the case at bar.

In this connection, although it is admitted that such a finding would not of itself constitute an enforceable judgment against the creditor, yet it is urged that such finding would be conclusive against him, and that, in a suit thereafter to be brought upon the alleged overplus thus found to be due, he would be estopped from urging any defense other

than that of payment. Breit v. Moore, 220 Fed. 97, 99, 135 C. C. A. 573. That is, in any subsequent suit, the merits of the claim would not be inquired into, on the ground that there had been an adjudication had in the matter, and that the same question could not again be litigated. The net result is that, though the finding of the referee with respect to the counterclaim of the trustee does not, in form, constitute a judgment against the creditor, yet it does in substance, in that the creditor is estopped to go behind the finding thus made, and the only defense he would have to a subsequent suit brought to secure an enforceable judgment would be the defense of payment made. In this wise, and in its substantial aspects, the finding is tantamount to a judgment, and the creditor stands in the position of having had a money judgment pronounced against him by a court which, under the law limiting its power, was without jurisdiction so to do.

[2] Though section 68, supra, does confer upon the referee jurisdiction to entertain consideration of the merits of an asserted counterclaim, this is done only for the purpose and to the extent of ascertaining the net amount, if any, due to the creditor from the bankrupt estate. The spirit and purpose of the Bankruptcy Act, and of the decisions construing it, do not look to the rendition of any general judgment in favor of the bankrupt estate as against third persons, even though they may be proven creditors. The jurisdiction, I am confident, in the absence of consent, goes no further than to permit of an inquiry into and determination of, the net amount due the creditor. Outside and beyond that, the general laws of the land, and the courts authorized to administer them, must be looked to for affirmative relief.

[3] Upon the reconsideration of the creditor's claims in connection with the asserted counterclaim of the trustee, it would be the duty of the referee, and clearly within his jurisdiction, under the terms of section 68, supra, to enter upon a determination of the validity and extent of those claims. Having determined that the creditor had valid claims against the estate, in such amount as he might find, it would then be his duty to consider whether or not such claims were to be subject to offset in virtue of the counterclaim asserted. If the amount of the counterclaim as asserted was clearly in excess of the amount of the creditor's claims as allowed, and if the trustee did not then and there waive a recovery, and the right to proceed further against the creditor for all amounts in excess of the claims actually allowed, then it would seem as if, under the authorities, it was the instant duty of the referee to refuse to enter upon a determination of the merits of the asserted counterclaim, because of the fact that he lacked jurisdiction. 34 Cyc. 646. He should have contented himself with merely staying the payment of the creditor's claims until there had been a final judgment upon the counterclaim, remitting the trustee in his prosecution of the same to a court possessing the requisite jurisdiction.

If the trustee had entered his waiver with respect to the excess and the right to proceed further against the creditor, I am constrained to believe the referee would have had jurisdiction to enter upon the consideration of the entire counterclaim, merely for the purpose of determining whether or not the amount actually due thereon was sufficient

to offset, in whole or in part, the claims actually allowed in favor of the creditor. 34 Cyc. 647.

[4] It would seem as if, in the absence of the necessary waiver by the trustee, the referee would not be entitled to consider the merits of the entire counterclaim, and then, if in his judgment it was sustained in an amount in excess of the creditor's claims, to allow it for the amount of those claims, thus offsetting completely such claims, and then remitting the trustee to another suit for the balance. The creditor may not thus be harassed by having two suits for the same demand. Furthermore, it would be incongruous to permit a hearing by the referee with respect to a part of the demand, and an allowance perhaps of that part, and then a hearing in another tribunal with respect to another part of the demand, and a possible disallowance by that tribunal of the part brought within its jurisdiction.

So I am constrained to hold that, except in the event of a specific waiver by the trustee of all of his demand in excess of the allowed claim of the creditor, it is the duty of the referee to refuse to entertain consideration of the merits of the counterclaim at all, and, upon the allowance of the claim of the creditor, to hold all payments in satisfaction of the same in abeyance, until there shall have been a final determination of the question of the amount due the bankrupt estate in a forum having jurisdiction of such controversy. Collier on Bankruptcy, supra, p. 1099.

Obviously the trustee herein has not heretofore entered his waiver with respect to the excess referred to. If, hereafter, he shall do this, it will then be the duty of the referee, as I conceive it, to enter upon a consideration of the merits of the counterclaim, allowing the respective parties to introduce such proper evidence as they may desire, and make such finding and judgment with respect to the offsets to the creditor's claims, up to their total amount, as may be required. If the trustee declines so to do, then it will be the duty of the referee to allow the claims of the creditor in the amounts heretofore ascertained by him, and to make an order directing a withholding of all payments or dividends thereon, until there shall have been a final determination with respect to the counterclaim.

Upon the consideration thereafter of the judgment in such suit, respecting the matter involved in the counterclaim, he will make such order as will be appropriate under the terms of section 68, supra. There is no suggestion in the case, of course, that anything in the nature of a preference (Bankruptcy Act, § 60b [Comp. St. § 9644]) is involved. Decisions recognizing the right of the referee to consider the merits of, and make a binding adjudication with reference to, an alleged preference, have no applicability.

The order heretofore made by the referee is therefore annulled, and the matter is re-referred to him, with instructions to take such action as will be in conformity with the views expressed herein.