**In re PATTERSON–MacDONALD SHIPBUILDING CO. McLEAN v. COMMONWEALTH OF AUSTRALIA et al. SAME v. COMMONWEALTH OF AUSTRALIA.**

(Circuit Court of Appeals, Ninth Circuit. October 29, 1923.)

Nos. 3970, 4012.

International law ⬅10—Court is without power to render affirmative judgment against foreign state.

    A court of the United States is without power to render an affirmative judgment against a foreign sovereign state on a counterclaim or cross-demand in a suit brought by such foreign state, and this rule applies to a court of bankruptcy, in which the foreign state has presented a claim against a bankrupt estate.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from and Petition to Revise an Order of the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

In the Matter of the Patterson-MacDonald Shipbuilding Company, bankrupt. Appeal from and petition to revise an order relating to the claim of the Commonwealth of Australia and Mark Sheldon, Commissioner for the Commonwealth of Australia; J. L. McLean, trustee, appellant and petitioner. Affirmed.

For opinion below, see 284 Fed. 281. See, also, 288 Fed. 546; 292 Fed. 700, 759; 293 Fed. 190.

Ira Bronson, J. S. Robinson, and H. B. Jones, all of Seattle, Wash., for appellants and petitioner.

Corwin S. Shank, H. C. Belt, and Glenn J. Fairbrook, all of Seattle, Wash., for appellee and respondent.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

RUDKIN, Circuit Judge. The question presented by the record before us is this: If a foreign government presents a claim to a trustee in bankruptcy arising out of contract and prays for its liquidation, and upon such liquidation it is found that the claimant is indebted to the bankrupt, may the court of bankruptcy render judgment against the foreign government for the ascertained balance? The court below answered this question in the negative, basing its decision upon the ground that the proceeding before the special master to liquidate the claim was not a plenary suit, and that the bankruptcy court was therefore without jurisdiction to enter judgment in favor of the trustee, and against the third party claimant. Having reached this conclusion, the court found it unnecessary to determine whether it could in any event render judgment against a foreign government. We are of opinion that the judgment of the court below must be affirmed, but we prefer to rest our decision on the want of power in the court below to enter judgment against a foreign state.

"It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts, or in any other, without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or by another state. And as this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to the public requires it." Beers v. State of Arkansas, 20 How. 527, 529, 15 L. Ed. 991.

"While a sovereign state may bring and maintain a suit as any other suitor, it cannot be sued in its own or a foreign court, unless it has signified its consent thereto, either by statute or by some other unequivocal means; and on this ground the weight of authority denies any right of set-off or counterclaim against the state except as granted by statute. In some jurisdictions, however, a more liberal rule is applied, and when the state voluntarily places itself in the position of a suitor, whether in its own courts or in those of a sister state, it will be held to have laid aside its sovereignty, and to have taken on the garb of an ordinary suitor, so far as concerns all proper matters of adjudication growing out of the cause of action sued on, and the de-

fendant is entitled to plead and prove any and all matters properly *defensive* except limitations. He may interpose a counterclaim or set-off *as defensive merely*, and reduce or extinguish the claim of the state against him." (Italic supplied.) 24 R. C. L. p. 811.

"It is the long-accepted law that a foreign sovereign cannot be sued nor his property attached in the courts of a foreign friendly country without his consent. * * * Nor can the defendant when sued by a foreign sovereign avail himself of any counterclaim or set-off except perhaps a set-off arising out of the same transaction. Under no circumstances can he obtain an affirmative judgment." Kingdom of Roumania v. Guaranty Trust Co., 250 Fed. 341, 343, 162 C. C. A. 411, 413 (Ann. Cas. 1918E, 524).

"Does such sovereign, by the mere fact of going into the courts of a friendly foreign jurisdiction, so by waiver give its consent to being sued by way of counterclaim? I am constrained to hold that it does not. It is, of course, apparent that an insuperable difficulty, perhaps even an utter impossibility, will inevitably be met in enforcing the payment of any judgment which might be obtained upon the counterclaim against the plaintiff herein. But this is not decisive, since the courts ordinarily will not stop to consider whether a judgment, if decreed, can or cannot be collected. Such a consideration is negligible upon the question of the right to maintain an action. Here, short of a serious disturbance of international peace, it may be conceded that a judgment against the republic of France in favor of the defendant upon its counterclaim could never be collected save with the consent of France. And while in a sense, upon this consideration, the point involved here is academic, it is yet of great pith and moment as a principle of international law. Keeping in mind the nature and effect of an action by way of counterclaim, I think the authorities, the analogous cases, and the reason of the thing all sustain the conclusion, which I reach, that such a proceeding is not permissible. While there is scarcely a dissenting view upon the point that, as against a sovereign electing to sue an individual or a public or private corporation in its own courts, or in the courts of a friendly foreign jurisdiction, such defendant may, as a defense to the demand of the sovereign, set off a part, or the whole, of plaintiff's demand by pleading a demand which might otherwise form the subject-matter of a counterclaim, * * * and that such a foreign sovereign is amenable, just as is any other plaintiff, to mere matters of practice and procedure, yet no affirmative judgment can be sustained as upon a counterclaim against the sovereign, whereby the sovereign shall be compelled or adjudged to pay money or any other thing of value." French Republic v. Inland Nav. Co. (D. C.) 263 Fed. 410, 412.

Our attention has been directed to The Gloria (D. C.) 286 Fed. 188. This was an admiralty case, and for that reason is perhaps inapplicable here; but, if it is an authority in favor of the power of a court to enter judgment against a foreign government, it is only necessary to say that it is in direct conflict with the decision of the Circuit Court of Appeals of the circuit in which the court was sitting, and finds little or no support in any well-considered case from any other jurisdiction. We need only add that the limitation thus imposed on the powers of the court is as applicable to a court of bankruptcy as to any other. This conclusion disposes of the claim that the appellant was entitled to a judgment for costs.

The case was brought here by both appeal and petition for revision, but inasmuch as the order is not one of those specially enumerated in section 25 of the Bankruptcy Act (Comp. St. § 9609), the appeal is dismissed, and the order is affirmed.