### In re BOWERS.

### No. 34839-C.

District Court, S. D. California, Central Division.

June 29, 1940.

966

O. T. Gilbank, of Los Angeles, Cal., for trustee.

Anthony L. Styskal, William G. Kenney, L. J. Styskal, and Frank J. Montgomery, all of Los Angeles, Cal., for respondent Pacific States Loan Co.

COSGRAVE, District Judge.

The respondent, chattel mortgagee, contends that the bankrupt was not a cafe or restaurant owner, and that if he was, a portion of the fixtures involved and included in the chattel mortgage is not fixtures of a cafe or a restaurant. The bankrupt operated what was known as the "Breakfast Club." He served meals and drinks, not generally to the public, but to selected portions of the public who made special arrangements with him, such as clubs, employee organizations, etc. While ordinarily we think of a cafe or restaurant as a place where meals and drinks are served to the public generally, where the owner serves meals and drinks to selected portions of the public and not to the public generally, he is, none the less, a cafe or restaurant owner. The word "cafe," as ordinarily and popularly used, means a restaurant or house for refreshment. Proprietors' Realty Co. v. Wohltmann, 95 N.J.L. 303, 112 A. 410. A "restaurant" is a place where refreshments can be had to be consumed on the premises, from a near eating house and cook shop to any other place where tables are furnished. State v. Shoaf, 179 N.C. 744, 102 S.E. 705, 9 A.L.R. 426. A "restaurant" is an establishment for the sale of refreshments, both food and drink, or a place where meals are served, or an eating house. People v. Gobeo, City Ct., 6 N.Y.S.2d 937. The new Funk & Wagnalls Standard Dictionary defines a "restaurant" to be a place where refreshment or meals are provided to order. The bankrupt, in connection with the chattel mortgage, fully qualifies as a cafe or restaurant owner under Section 3440, Civ.Code. The schedules filed by the bankrupt in the proceeding on September 9, 1939, show that his creditors largely consisted of those who ordinarily furnished goods and

services to a cafe or restaurant owner, such as milk dealers, etc.

A minor controversy is whether or not a portion of the fixtures covered by the chattel mortgage were not strictly fixtures of a cafe or restaurant owner and, therefore, were not subject to the provisions of Section 3440, Civ.Code. But there is nothing in the record to indicate this, other than the mere statement of counsel for the respondent mortgagee. The respondent mortgagee has not in the record on review set forth any substantial basis upon which the Judge could make an order in this respect. The Referee's certificate on review indicates that most of the personal property covered by the chattel mortgage consists of restaurant and cafe equipment, such as tables, dishes, chairs, benches, pots, pans, silverware, etc.

A second main controversy is over the question of usury. The Referee finds a net overcharge in the nature of usury in the sum of $779.66, and assesses treble damages against the claimant under the chattel mortgage. The record has been searched for a copy of the promissory note in question but without success. Since it must be held that the chattel mortgage is void and that the proceeds from the sale of the fixtures belong to the bankrupt estate, the question of usury should be re-referred to the Referee. The cases seem to be clear that there cannot be any judgment in the bankruptcy proceeding against the claimant where the estate's off-set exceeds the debtor's claim. In re Patterson-MacDonald Shipbuilding Co., D.C.Wash., 284 F. 281, affirmed, 9 Cir., 293 F. 192. The trustee must seek his remedy by plenary action. In re Continental Producing Co., D.C.Southern District of California, 261 F. 627. In the case at bar, the Court is dealing with the receiver, but it seems that it is only the trustee who can act in the premises. The chattel mortgagee should be given the privilege of filing an unsecured general claim against the estate for the amount it claims to be due. The trustee in bankruptcy, assuming that one is now in existence, can then file such objections to the allowance of this claim as he deems proper, and the question of usury then may be brought up before the Referee for determination.

It is therefore ordered: That the order of the Referee be affirmed insofar as it holds that the chattel mortgage is void by reason of non-compliance with Section 3440 of the Civil Code, and that the proceeds of the fixtures are the property of the estate.

That the order of the Referee be reversed insofar as it holds that respondent mortgagee must pay over to the estate $728.98 on account of usury, and that respondent mortgagee be permitted to file a claim against the bankrupt's estate for the balance due upon the note, and that the trustee in bankruptcy, when appointed, be permitted to file objections to the allowance of such claim upon any ground, including that of usury, with the restriction that the Referee shall credit against any balance due on the note no more than the balance ascertained by him to be due upon the note on account of usury or on any other account, and that if there be an excess, the trustee shall have the right to sue for such excess in a plenary suit in a court of competent jurisdiction.