**In re MERCURY ENGINEERING CO.**

No. 43619.

District Court, S. D. California, Central Division.

May 29, 1945.

James M. Gammon and Cobb & Utley (by Ernest R. Utley) all of Los Angeles, Cal., for claimant.

Martin Gendel, of Los Angeles, Cal., for trustee.

YANKWICH, District Judge.

The order of the Referee, dated April 10, 1945, heretofore argued and submitted is reversed, with instructions to the Referee to allow the trustee to amend his objection so as to assert the counterclaim or off-set to the claim of Arthur E. Barili, and for such further proceedings as it may be advisable to have in conformity with the views hereinafter expressed.

As I take it, the gist of the order is contained in the following:

"It is ordered that the claim of Arthur E. Barili be and it is temporarily suspended for a sufficient period of time to permit the trustee to assert, in a plenary action, his claims, charges, set-offs, and counterclaims against the said Arthur E. Barili.

"It is further ordered that the trustee be and he hereby is permitted to institute and prosecute the action as indicated."

The Referee, however, has set forth in his order, his reasons for the rule, which, to my mind, deprived the Trustee of rights he may assert in bankruptcy court. When I first read the Referee's order, I thought that the Referee had merely exercised the right to defer the hearing of a claim until certain matters are adjudicated by plenary action. As the Referee, in passing on claims, exercises equity jurisdiction, Pepper v. Litton, 1939, 308 U.S. 295, 303–305, 60 S.Ct. 238, 84 L.Ed. 281, it is beyond dispute that he may, like any other court of equity, decline to entertain jurisdiction upon the ground that the litigation of a particular matter is only a part of a larger litigation which should be carried on before another forum. All courts recognize that there can be no splitting of a cause of action. (See: Yankwich on California Code Pleading, Secs. 115 to 118)

However, by his order, the Referee did not only permit the trustee to bring a plenary action, but forbade him from proceeding on his objection to the claim. In this respect, the trustee was not blameless, because his objection to the claim left in doubt whether he would assert in the bankruptcy court the right to a judgment for a surplus. The Referee based his order upon the express belief that he lacked authority to entertain any counterclaim for any surplus. As there are no pleadings before the Referee asserting the right to a surplus, the legal principles stated in the order are dicta, and I am not in a position to rule definitely upon the question. My own impression is, despite some older decisions by other judges of this district, that in the light of the more modern trend to identify the function of the Referee in passing on claims with that of a court of equity (see Pepper v. Litton, 308 U.S. 295, 308, 60 S.Ct. 238, 84 L.Ed. 281), the right to award a judgment for the surplus exists. The right to enter judgments is specifically conferred by Subdivision 15 of Section 2, sub. a, of the Bankruptcy Act of 1938, 11 U.S.C.A. § 11, sub. a(15). The power to allow and disallow claims is conferred by Subdivision a of Section 2, 11 U.S.C.A. § 11, sub. a. Section 68, subs. a and b of the Act, 11 U.S.C.A. § 108, subs. a and b, grants the power of determining set-offs and counterclaims. Courts which have interpreted these new enactments are of the view that they aim to make the Referee "an officer authorized to perform judicial duties." Donald v. Bankers Life Co., 1939, 5 Cir., 107 F.2d 810, 812. Counterclaims, set-offs and cross bills are creatures of equity carried over into modern pleading. One who comes into a court of equity and asks that it give recognition to a claim, so that he may share in an estate before it in the proportion which his claim bears to the value of the estate, has brought before the court the determination of his entire claim. And if the court finds that his claim is invalid, he is not in a position to say that the court, the jurisdiction of which he invoked, has no power to render judgment against him for the surplus. See: Alexander v. Hillman, 1935, 296 U.S. 222, 238, 56 S.Ct. 204, 80 L.Ed. 192; Florance v. Kresge, 4 Cir., 1938, 93 F.2d 784.

As said in Alexander v. Hillman, supra, 296 U.S. at page 237, 56 S.Ct. at page 209, 80 L.Ed. 192:

"The receivers are the court's representatives and are entitled to have all the prop-

erty belonging to defendant, and, upon leave, may sue to recover any part of the *res*. The controversies before us arise between respondents who come to share therein and the receivers who not only put in issue the validity of respondents' claims but allege that they have and refuse to account for a portion of the assets. Undoubtedly the court has jurisdiction of the subject-matter, i. e., *the claims and counterclaims."* (Emphasis added) .

And, while the court there was dealing with receivers, the principle is the same in bankruptcy. See: Floro Realty Investment Co. v. Steem Electric Corporation, 1942, 8 Cir., 128 F.2d 338, 340, 341. The trustee is the representative of the court, entitled to the property belonging to the bankrupt. Bankruptcy Act, 1938, § 70, 11 U.S.C.A. § 110; Sampsell v. Imperial Paper Corporation, 1941, 313 U.S. 215, 217, 218, 61 S.Ct. 904, 85 L.Ed. 1293. It is made his duty to reduce the property to his possession. Bankruptcy Act of 1938, Sec. 2, sub. a(7), 11 U.S.C.A. § 11, sub. a(7). And when a claim is presented for a share of this property, the bankruptcy court has jurisdiction to determine its validity, which includes not only objections aiming to defeat it but also to recover, for the estate, any surplus owing the bankrupt.[1] But although thus indicating my views, I am not determining the matter definitely and foreclosing further arguments, because the matter is not before me upon proper pleadings. It is true that in his order the Referee gave a contrary view as the basis of his action. But the Referee speaks to the court through his order which grants or denies certain things and *not through the reasons for the order*. And the order in this case is limited to the two paragraphs set forth at the head of this memorandum. By reversing the order and suggesting that the indicated procedure be followed, we will be in a position to rule upon this matter definitely. The trustee may file a counterclaim. The creditor can object to the counterclaim and ask for its dismissal. The Referee will then have the choice of either ruling on the counterclaim as a matter of law, or he can hear evidence as to the whole matter and make a finding determining whether the claim as a whole is valid and whether, if so, a counterclaim can be asserted against it. Whichever course he follows, we will have an issue upon actual pleadings which can be determined on review.

Hence the ruling made above.

---

[1] The cases in this Circuit seemingly holding to the contrary (see In re Continental Producing Co., 1919, D.C.Cal., 261 F. 627; In re Patterson-MacDonald Shipbuilding Co., 1922, D.C.Wash., 284 F. 281; In re Patterson-MacDonald Shipbuilding Co., 1923, 9 Cir., 293 F. 192; In re Florsheim, 1938, D.C.Cal., 24 F.Supp. 991; In re Bowers, 1940, D.C.Cal., 33 F.Supp. 991) arose under the Bankruptcy Act of 1898. Two of them, In re Continental Producing Co., supra, and, In re Bowers, supra, definitely decide that no judgment can be rendered for a surplus. The holding is clearly based on general principles rather than on a consideration of the Bankruptcy Act, which, even before its recent amendments, explicitly gave to the bankruptcy court power to enter judgments. Bankruptcy Act of 1898, § 2, sub. a, 11 U.S.C.A. § 11, sub. a(15).

Judge Jenney's decision in Re Florsheim, supra, merely holds that in the particular case there was, in effect, a judgment for a surplus, rendered on objections to a claim and a charge of preference, without any more specific pleadings. In this respect, the ruling coincides with my ruling here, although some of the language might indicate adherence to the doctrine declared by Judges Bledsoe and Neterer in the cases cited above. The Circuit Court of Appeals for the Ninth Circuit has not spoken in the matter. And it is to be noted that in affirming Judge Neterer, it chose to base its decision not upon the ground stated by him that the bankruptcy court *could not entertain the counterclaim*, but upon the ground that the court lacked power to enter judgment against a foreign state. Judge Rudkin said:

"We are of opinion that the judgment of the court below must be affirmed, *but we prefer to rest our decision on the want of power in the court below to enter judgment against a foreign state*." In re Patterson-MacDonald Shipbuilding Co., supra, 293 F. 192, 193. (Emphasis added).