98 F.Supp. 686 (1951)
In re NATHAN.
No. 48059.
United States District Court S. D. California. Central Division.
June 28, 1951.
*687 Gendel & Raskoff, Los Angeles, Cal., for trustee.
Benno M. Brink, Referee in Bankruptcy, Los Angeles, Cal., Samuel A. Miller and Harry M. Fain, Los Angeles, Cal., for respondent A. D. Juilliard & Co., Inc.
MATHES, District Judge.
This proceeding is before the court upon petition of the trustee in bankruptcy to review the referee's order of April 27, 1950 permitting withdrawal of a creditor's claim upon the condition inter alia that the creditor submit to a plenary suit by the trustee in this district for the recovery of an alleged preference.
The facts leading to the order under review are these. A. D. Juilliard & Co., Inc., a Delaware corporation, regularly filed a verified claim against the bankrupt estate for $13,243.87 based upon certain promissory notes made by the bankrupt in favor of the creditor approximately one month prior to bankruptcy. The trustee filed objections to allowance of the claim, together with a counterclaim alleging that within four months next preceding filing of the petition in bankruptcy the creditor had received from the bankrupt voidable preferences amounting to $54,664.65, arising "out of the [same] transaction or occurrence that is the subject matter of the * * * claim * * *." Fed.Rules Civ.Proc. 13 (a), 28 U.S.C.A. The trustee prayed for judgment on this compulsory counterclaim against the creditor for the amount of the preference.
The creditor thereupon applied to the referee for an order permitting withdrawal of the claim. The referee, holding that a bankruptcy court, Bankruptcy Act § 1(9), 11 U.S.C.A. § 1(9), is without jurisdiction to award affirmative relief on the trustee's counterclaim, made the order under review permitting withdrawal of the claim upon conditions substantially the same as those imposed in In re Empire Coal Sales Corp., D.C.S.D.N.Y.1942, 45 F.Supp. 974, 976, affirmed sub nom Kleid v. Ruthbell Coal Co., 2 Cir., 1942, 131 F.2d 372, 373. As ground for reversal the trustee urges here that the order disregards the limitations imposed by Rule 41(a) (2) of the Federal Rules of Civil Procedure.
Historically, voluntary withdrawal of claims has been freely permitted in the absence of "some plain, legal prejudice" to the opposing party. Pullman's Palace Car Co. v. Central Transportation Co., 1898, 171 U.S. 138, 146, 18 S.Ct. 808, 43 L.Ed. 108; Ex parte Skinner & Eddy Corp., 1924, 265 U.S. 86, 93-94, 44 S.Ct. 446, 68 L.Ed. 912; cf. Bronx Brass Foundry, Inc. v. Irving Trust Co., 1936, 297 U.S. 230, 232, 56 S.Ct. 451, 80 L.Ed. 657. When the Federal Rules of Civil Procedure were made applicable to proceedings in bankruptcy, General Order 37, 11 U.S.C.A. following section 53, Rule 41 came into operation to limit by its terms the broad discretion previously exercised by the bankruptcy courts.
Rule 41(a) (2) provides in part that: "If a counterclaim has been pleaded * * * the action shall not be dismissed against * * * objection unless the counterclaim can remain pending for independent adjudication by the court." The reason of the rule is to prevent denial to a defendant of use of his counterclaim as a setoff, see United States v. Eckford, 1867, 6 Wall. 484, 73 U.S. 484, 488, 18 L.Ed. 920; *688 Bankruptcy Act, § 68, 11 U.S.C.A. § 108, in those cases where jurisdiction is lacking to adjudicate the counterclaim independently of the opposing claim. Cf. Bronx Brass Foundry v. Irving Trust Co., supra, 297 U. S. at page 232, 56 S.Ct. 451, 80 L.Ed. 657.
The referee held in effect that the trustee's counterclaim at bar could not "remain pending for independent adjudication" solely because of want of jurisdiction in the bankruptcy court to render an affirmative judgment for recovery thereon, and that therefore the prohibition of the above quoted provision of Rule 41(a) (2) did not apply.
It seems clear that the referee erred in his interpretation of the force of the rule. If, as the referee held, the bankruptcy court was without jurisdiction to make an "independent adjudication" on the counterclaim, then the plain language of the rule forbade withdrawal of the claim over the trustee's objection. Kelso v. Maclaren, 8 Cir., 1941, 122 F.2d 867, 870; cf. In re Empire Coal Sales Corp., supra, 45 F.Supp. at page 976, affirmed sub nom. Kleid v. Ruthbell Coal Co., 131 F.2d 372.
Hence the correctness of the referee's order under review must turn upon the correctness of his holding that the bankruptcy court would be without jurisdiction to render an affirmative judgment in favor of the trustee on his counterclaim to recover the alleged preference.
It has been said that "a bankruptcy court is a court of equity at least in the sense that in the exercise of the jurisdiction conferred * * * by the act, it applies the principles and rules of equity jurisprudence." Pepper v. Litton, 1939, 308 U.S. 295, 304, 307, 60 S.Ct. 238, 244, 84 L. Ed. 281; Local Loan Co. v. Hunt, 1934, 292 U.S. 234, 240, 54 S.Ct. 695, 78 L.Ed. 1230; cf. Sprague v. Ticonic Bank, 1939, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184.
Among the grants of jurisdiction expressly set forth in the Act are those to allow or disallow claims [§ 2, sub. a (2)], to reject "in whole or in part according to the equities of the case" claims previously allowed [§ 57, sub. k], and "enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this Act" [§ 2, sub. a (15)]. 11 U.S.C. A. §§ 11, sub. a (2), 93, sub. k, 11, sub. a (15); Pepper v. Litton, supra, 308 U.S. at page 304, 60 S.Ct. 238, 84 L.Ed. 281.
If a creditor's claim in bankruptcy may be analogized to a bill in equity in a plenary action prior to "union" of law and equity, see 48 Stat. 1064 (1934), 28 U.S.C.A. § 723c (1946); 28 U.S.C.A. § 2072 (1950); Fed.Rules Civ.Proc. rules 2, 38(a), 28 U.S. C.A., the applicable rule would be that a federal court of equity once acquiring jurisdiction normally retains that jurisdiction, even after dismissal of the original bill, to render judgment on a cross-bill or counterclaim arising out of the same transaction as the original bill. See Moore v. New York Cotton Exchange, 1926, 270 U. S. 593, 609, 46 S.Ct. 367, 70 L.Ed. 750; Kirby v. American Soda Fountain Co., 1904, 194 U.S. 141, 144, 24 S.Ct. 619, 48 L.Ed. 911; cf. Merchants Heat & L. Co. v. James B. Clow & Sons, 1907, 204 U.S. 286, 289-290, 27 S.Ct. 285, 51 L.Ed. 488.
But it was held that in order for jurisdiction to adjudicate a counterclaim arising out of the same transaction to rest upon jurisdiction to adjudicate the original bill in equity, "the counterclaim * * * must be an equitable claim, and not a legal one". American Mills Co. v. American Surety Co., 1922, 260 U.S. 360, 364, 43 S.Ct. 149, 151, 67 L.Ed. 306; Texas Co. v. Borne Scrymser Co., 4 Cir., 1933, 68 F.2d 104, 106; Cooling Tower Co. v. C. F. Braun & Co., 9 Cir., 1924, 1 F.2d 178, 179; Cleveland Engineering Co. v. Galion Dynamic Motor Truck Co., D.C.N.D. Ohio 1917, 243 F. 405, 407. Such counterclaims are logically ancillary to an original bill in equity, and are denominated "compulsory", Fed.R.Civ.P. 13(a), since omission to assert constitutes waiver. American Mills Co. v. American Surety Co., supra, 260 U.S. at page 364, 43 S.Ct. 149, 67 L. Ed. 306; Texas Co. v. Borne Scrymser Co., supra, 68 F.2d at page 106.
On the other hand, as to "permissive" counterclaims [Fed.R.Civ.P. 13(b)]  those not arising "out of the transaction or occurrence that is the subject matter of the *689 opposing party's claim" [Fed.R.Civ.P. 13 (a)]  it was held that independent grounds of federal jurisdiction must exist. See Moore v. New York Cotton Exchange, supra, 270 U.S. at page 609, 46 S.Ct. 367, 70 L.Ed. 750; Lesnik v. Public Industrial Corp., 2 Cir., 1944, 144 F.2d 968, 976, n. 10; Celite Corporation v. Decalite Co., 9 Cir., 1938, 96 F.2d 242, 249, certiorari denied 1938, 305 U.S. 633, 59 S.Ct. 101, 83 L.Ed. 407.
So where a counterclaim for recovery of a preference is properly presented as an equitable claim, see Bankruptcy Act § 57, subs. d, k, g, 11 U.S.C.A. § 93, subs. d, k, g; Pepper v. Litton, supra, 308 U.S. at page 305, 60 S.Ct. 238, 84 L.Ed. 281; Larson v. First State Bank, 8 Cir., 1927, 21 F. 2d 936, 938; cf. Schoenthal v. Irving Trust Co., 1932, 287 U.S. 92, 95, 53 S.Ct. 50, 77 L.Ed. 185; Buffum v. Peter Barceloux Co., 1933, 289 U.S. 227, 235-236, 53 S.Ct. 539, 77 L.Ed. 1140, and such equitable counterclaim arises out of the same transaction as the claim, there is ample precedent for holding that "the counterclaim can remain pending for independent adjudication" by the bankruptcy court even after the claim has been withdrawn or dismissed, if the analogy to a bill in equity be true. See Moore v. New York Cotton Exchange, supra, 270 U.S. at pages 609-610, 46 S.Ct. 367, 70 L.Ed. 750; American Mills Co. v. American Surety Co., supra, 260 U.S. at page 365, 43 S.Ct. 149, 67 L. Ed. 306; Columbia Foundry v. Lochner, 4 Cir., 1950, 179 F.2d 630, 635, 14 A.L.R. 2d 1349.
The referee was of the view that the bankruptcy court, exercising as it does summary jurisdiction in disposing of claims and objections to claims, Bankruptcy Act § 57 subs. f, g, k, 11 U.S.C.A. § 93 subs. f, g, k; U. S. Fidelity & Guaranty Co. v. Bray, 1912, 225 U.S. 205, 217-218, 32 S.Ct. 620, 56 L.Ed. 1055, could not exercise that jurisdiction to render affirmative judgment upon the trustee's counterclaim to recover a preference, in the absence of consent on the part of the claimant, MacDonald v. Plymouth County Trust Co., 1932, 286 U.S. 263, 267-268, 52 S.Ct. 505, 76 L.Ed. 1093, the property not being in the actual or constructive possession of the trustee, see Taubel-Scott-Kitzmiller Co. v. Fox, 1924, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770.
It is settled of course that absent "consent of the defendant" within the meaning of the statute, Bankruptcy Act § 23 sub. b, 11 U.S.C.A. § 46, sub. b, the bankruptcy court does not have jurisdiction summarily to adjudicate an action by the trustee to recover property adversely held, Bankruptcy Act § 23, sub. b, 11 U.S. C.A. § 46, sub. b; Cline v. Kaplan, 1944, 323 U.S. 97, 99, 65 S.Ct. 155, 89 L.Ed. 97; Harrison v. Chamberlin, 1926, 271 U.S. 191, 193, 46 S.Ct. 467, 70 L.Ed. 897, but the trustee must resort to plenary action. Weidhorn v. Levy, 1920, 253 U.S. 268, 272, 40 S.Ct. 534, 64 L.Ed. 898.
And it has been held that mere filing of a claim in the bankruptcy proceedings does not constitute consent, Daniel v. Guaranty Trust Co., 1932, 285 U.S. 154, 162-164, 52 S.Ct. 326, 76 L.Ed. 675; Pickens v. Roy, 1902, 187 U.S. 177, 180, 23 S.Ct. 78, 47 L.Ed. 128; Thalhimer, Inc. v. Florence, 4 Cir., 1932, 58 F.2d 23, 26; Metz v. Knobel, 2 Cir., 1927, 21 F.2d 317, 318; cf. In re Eakin, 2 Cir., 1946, 154 F.2d 717, 719.
Divergent opinions have been expressed in both this and other circuits on the question of whether in summary proceedings upon the claim of a creditor, a bankruptcy court, Bankruptcy Act § 1(9), 11 U.S.C.A. § 1(9), has jurisdiction to award affirmative relief upon the trustee's counterclaim for a preference received by a claimant. See Columbia Foundry v. Lochner, supra, 4 Cir., 1950, 179 F.2d at page 634, 14 A.L. R.2d 1349; Giffin v. Vought, 2 Cir., 1949, 175 F.2d 186, 190; Florance v. Kresge, 4 Cir., 1938, 93 F.2d 784, 786; In re Dernburg, 2 Cir., 1924, 5 F.2d 37; Fitch v. Richardson, 1 Cir., 1906, 147 F. 197, 198; In re Mercury Engineering Co., D.C.S.D. Cal. 1945, 60 F.Supp. 786; In re Bowers, D.C.S.D.Cal. 1940, 33 F.Supp. 965, 967; In re Florsheim, D.C.S.D.Cal. 1938, 24 F. Supp. 991, 992; In re Patterson-McDonald Co., D.C.W.D.Wash. 1922, 284 F. 281, affirmed on other grounds, 9 Cir., 1923, 293 *690 F. 192; In re Continental Producing Co., D.C.S.D.Cal. 1919, 261 F. 627, 630.
Decisions that the bankruptcy court has no jurisdiction to render affirmative judgment on a counterclaim are based upon the settled rule that summary jurisdiction in such a case must depend upon consent, see In re Patterson-McDonald Co., supra, 284 F. at page 283; In re Florsheim, supra, 24 F.Supp. at page 992; while the decisions finding jurisdiction in the bankruptcy court summarily to render affirmative judgment on a counterclaim rely almost invariably upon Alexander v. Hillman, 1935, 296 U.S. 222, 240-241, 56 S.Ct. 204, 80 L.Ed. 192.
My learned colleague Judge Yankwich, in the Mercury Engineering case, supra, 60 F.Supp. at pages 787-788, after pointing out that "the legal principles stated in the order are dicta," expressed the view that the bankruptcy court is vested with jurisdiction to render affirmative judgment on the counterclaim, adding that "although thus indicating my views, I am not determining the matter definitely and foreclosing further arguments, because the matter is not before me upon proper pleadings."
Alexander v. Hillman, supra, 296 U.S. at page 241, 56 S.Ct. 204, 210, 80 L. Ed. 192, held that receivers in federal courts of equity may "assert and enforce, against those who appear and demand part of the res, counterclaims for portions of the receivership estate that they wrongfully took and still withhold." The opinion does not limit jurisdiction to render affirmative judgment to cases of "compulsory" counterclaims arising out of the same transaction as the claim, but does limit the rule announced to counterclaims which "are cognizable in equity" and so "may be dealt with in equity." Id. at page 240, 56 S.Ct. at page 210, 80 L.Ed. 192. Such a limitation was necessary because the constitutional right of trial by jury under the Seventh Amendment runs with a counterclaim at law. See Alexander v. Hillman, 4 Cir., 1935, 75 F.2d 451, 455, reversed, supra, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192; Liberty Oil Co. v. Condon Nat. Bank, 1922, 260 U.S. 235, 242-243, 43 S.Ct. 118, 67 L.Ed. 232; American Mills Co. v. American Surety Co., supra, 260 U.S. at page 365, 43 S.Ct. 149, 67 L.Ed. 306.
Alexander v. Hillman cannot then serve as a direct authority to sustain jurisdiction of the bankruptcy court [the referee] to render affirmative judgment upon the trustee's counterclaim in the proceedings at bar for two reasons:
First, the court of equity in Alexander v. Hillman was exercising general equity jurisdiction; whereas the jurisdiction of the bankruptcy court, while equitable in nature, Pepper v. Litton, supra, 308 U.S. at page 304, 60 S.Ct. 238, 84 L.Ed. 281, is purely statutory, Taubel-Scott-Kitzmiller Co. v. Fox, supra, 264 U.S. at page 431, 44 S.Ct. 396, 68 L.Ed. 770, and being summary in character must rest upon "consent of the defendant", Bankruptcy Act § 23, sub. b, 11 U.S.C.A. § 46, sub. b; Cline v. Kaplan, supra, 323 U.S. at page 99, 65 S.Ct. 155, 89 L.Ed. 97; Harrison v. Chamberlin, supra, 271 U.S. at page 193, 46 S.Ct. 467, 70 L.Ed. 897; and
Second, the counterclaim at bar is "a legal one", see Schoenthal v. Irving Trust Co., supra, 287 U.S. at page 94-95, 53 S.Ct. 50, 77 L.Ed. 185, for which the creditor "may have his action at law and his trial by jury secured him by the Seventh Amendment of the Constitution" American Mills Co. v. American Surety Co., supra, 260 U.S. at pages 264-265, 43 S.Ct. 149, 151, 67 L.Ed. 306.
In order then to sustain jurisdiction of a bankruptcy court summarily to render affirmative judgment on a counterclaim for a preference, consent must appear in every case; and where, as at bar, the counterclaim is at law, waiver of trial by jury must also appear.
No express consent to summary jurisdiction and no express waiver of jury trial appearing in the record here, the specific question is presented whether such consent and such waiver may be implied.
Generally speaking it is settled that "A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must *691 abide the consequences." Wiswall v. Campbell, 1876, 3 Otto 347, 93 U.S. 347, 351, 23 L.Ed. 923; Gardner v. State of New Jersey, 1947, 329 U.S. 565, 573-574, 67 S.Ct. 467, 91 L.Ed. 504.
Thus the trustee at bar was entitled to assert any defenses against the claim, including a setoff based upon a preference received by the creditor; and the courts have held that the bankruptcy court has jurisdiction summarily to adjudicate the merits of the alleged setoff.
The rationale of this holding is that "One who has presented proof of debt has submitted his claim to the jurisdiction of the bankruptcy court, and must be deemed to have consented to the jurisdiction of that court to decide any defense that may be lawfully interposed." Triangle Electric Co. v. Foutch, 8 Cir., 1930, 40 F. 2d 353, 356; Florance v. Kresge, supra, 4 Cir., 1938, 93 F.2d at page 786; Metz v. Knobel, supra, 21 F.2d at page 318; Giffin v. Vought, supra, 175 F.2d at page 190; Chase National Bank of City of New York v. Lyford, 2 Cir., 1945, 147 F.2d 273, 277; In re Bowers, supra, 33 F.Supp. at page 967; In re Continental Producing Co., supra, 261 F. at page 629.
Indeed the claimant himself expressly tenders the issue as to the existence of both setoffs and counterclaims by alleging in his proof of claim "That there are no set-offs or counterclaims to said debt." See General Order No. 38 and Official Forms Nos. 28, 29, 30, 31, 11 U.S.C.A. following section 53; also Leonard v. Bennett, 9 Cir., 1940, 116 F.2d 128, 132; United States v. Roth, 2 Cir., 1948, 164 F.2d 575.
So the ultimate question here is whether there exists rational basis to extend the rule of Alexander v. Hillman, supra, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192, to imply consent for the bankruptcy court summarily to adjudicate the counterclaim for a preference and, if proper, to render an affirmative judgment against the claimant thereon. As was said in Cline v. Kaplan, supra, 323 U.S. at pages 99-100, 65 S.Ct. at page 157, 89 L.Ed. 97, "whether or not there was the necessary consent upon which * * * power to proceed may depend is, as is so often true in determining consent, a question depending on the facts of the particular case."
I am of opinion that there is rational basis for finding implied consent that the bankruptcy court exercise summary jurisdiction to adjudicate and render affirmative judgment on a counterclaim to recover a preference; and this result is reached by means of the traditional common-law technique of reasoning by analogy from recognized legal principles. Pound, The Spirit of the Common Law, 173-175, 182-183 (1921).
If the bankruptcy court does not have such jurisdiction, then as stated before that court could not properly permit the claim to be withdrawn because the trustee's counterclaim for the preference would not "remain pending for independent adjudication"  the prerequisite to withdrawal provided in Rule 41(a) (2) of the Federal Rules of Civil Procedure. See Kelso v. Maclaren, supra, 122 F.2d at page 870.
Hence the bankruptcy court would be called upon to determine summarily the merits of the counterclaim as a defense or setoff to the claim. See Metz v. Knobel, supra, 21 F.2d 317; Triangle Electric Co. v. Foutch, supra, 40 F.2d 353. And such determination when final would be res judicata between the creditor and the trustee. Sampsell v. Imperial Paper & Color Corp., 1941, 313 U.S. 215, 218-219, 61 S.Ct. 904, 85 L.Ed. 1293; Chicot Co. Drainage Dist. v. Baxter State Bank, 1940, 308 U.S. 371, 376-378, 60 S.Ct. 317, 84 L.Ed. 329; Lesser v. Gray, 1914, 236 U.S. 70, 73-75, 35 S.Ct. 227, 59 L.Ed. 471; Giffin v. Vought, supra, 175 F.2d at pages 189-190; Johnson v. Wilson, 9 Cir., 1941, 118 F.2d 557, 560; In re Florsheim, supra, 24 F.Supp. at page 992.
Then would follow plenary action in a court of general jurisdiction involving issues already finally adjudicated by the bankruptcy court. And the doctrine of res judicata would prevent a jury in such action from finding the facts other than as the referee had previously found them.
All that would remain of the right to a plenary action and the right to trial by jury would be the formality of entering the *692 affirmative judgment. Cf. Daniel v. Guaranty Trust Co., supra, 285 U.S. at page 162, 52 S.Ct. 326, 76 L.Ed. 675. In these circumstances the creditor, even while in reality vigorously dissenting, in legal effect consents to adjudication by the bankruptcy court in summary proceedings of the merits of the counterclaim.
The legal result being in substance the same as if actual consent had been given, there exists a rational and solid ground for holding that a creditor, by presenting his claim for examination and allowance, Bankruptcy Act § 57, 11 U.S.C.A. § 93, impliedly consents to adjudication by the bankruptcy court in summary proceedings, Bankruptcy Act § 23b, 11 U.S.C.A. § 46b, of not only the merits of the claim and of any defenses or setoffs thereto, see Giffin v. Vought, supra, 175 F.2d at page 190, but also the merits of any counterclaim for affirmative judgment which the trustee may properly assert in response to the claim, see Columbia Foundry Co. v. Lochner, supra, 179 F.2d at pages 633-635.
In addition to the considerations of reason just discussed there are patent considerations of policy which also support extension of the rule of Alexander v. Hillman, supra, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192, to bankruptcy proceedings.
The general policy of the Bankruptcy Act to effect "quick and summary disposal of questions arising in the progress of the case, without regard to usual modes of trial attended by some necessary delay" Bailey v. Glover, 1874, 21 Wall. 342, 88 U. S. 342, 346, 22 L.Ed. 636, is supplemented by the provisions of § 68, sub. a, 11 U.S. C.A. § 108, sub. a, which in effect declare a statutory policy to settle all permissible claims or accounts "between the estate of a bankrupt and a creditor". See Cumberland Glass Mfg. Co. v. DeWitt, 1915, 237 U.S. 447, 454-457, 35 S.Ct. 636, 59 L.Ed. 1042.
The provisions of Rule 41 of the Federal Rules of Civil Procedure, applicable in bankruptcy, clearly further such a policy. See Kelso v. Maclaren, supra, 122 F.2d at page 870; cf. Kleid v. Ruthbell Coal Co., supra, 131 F.2d at page 373.
Thus the same considerations of reason and policy which support the holding that filing of a claim gives consent of the creditor to adjudication of an affirmative judgment on equitable counterclaims in a plenary suit, see Alexander v. Hillman, supra, 296 U.S. at pages 238-239, 240-241, 56 S.Ct. 204, 80 L.Ed. 192, also support the holding that filing of a claim in bankruptcy gives the consent necessary to confer jurisdiction upon the bankruptcy court to adjudicate counterclaims for preferences, both legal and equitable, compulsory or permissive. See Columbia Foundry Co. v. Lochner, supra, 179 F.2d at page 635; In re Mercury Engineering Co., supra, 60 F. Supp. at page 788.
As Mr. Justice Douglas put it in Case v. Los Angeles Lumber Products Co., 1939, 308 U.S. 106, 126-127, 60 S.Ct. 1, 12, 84 L. Ed. 110: "And once the jurisdiction of the court has been invoked, whether by the debtor or by a creditor, that petitioner cannot withdraw and oust the court of jurisdiction. He invokes that jurisdiction risking all of the disadvantages which may flow to him as a consequence, as well as gaining all of the benefits."
See also May v. Henderson, 1925, 268 U.S. 111, 116-118, 45 S.Ct. 456, 69 L.Ed. 870; In re International Power Securities Corp., 3 Cir., 1948, 170 F.2d 399, 402, 405-406; Bank of California v. McBride, 9 Cir., 1943, 132 F.2d 769, 772; Floro Realty & Investment Co. v. Steem Electric Corp., 8 Cir., 1942, 128 F.2d 338, 340-341; In re Gillespie Tire Co., D.C.W.D.S.Car.1942, 54 F.Supp. 336, 338-341.
To hold that jurisdiction founded upon implied consent of the creditor, Bankruptcy Act, § 23, sub. b, 11 U.S.C.A. § 46, sub. b, exists in the proceedings at bar cannot impinge upon any substantial right of the creditor in the circumstances. Moreover such a result enables substance to dominate form and so add works to the faith of the declaration in U.S. Fidelity & Guaranty Co. v. Bray, supra, 225 U.S. at page 218, 32 S. Ct. at page 625, 56 L.Ed. 1055, that: "A distinct purpose of the bankruptcy act is to subject the administration of the estates of bankrupts to the control of tribunals clothed with authority and charged with the duty *693 of proceeding to final settlement and distribution in a summary way * * *. Creditors are entitled to have this authority exercised, and justly may complain when * * * an important part of the administration is sought to be effected through the slower and less appropriate processes of a plenary suit * * * in another court * * *."
For the reasons stated the referee's order of April 27, 1950 permitting withdrawal of the claim is reversed and the proceeding is recommitted to the referee for further proceedings consistent with this opinion. See Page v. Rogers, 1909, 211 U.S. 575, 581, 29 S.Ct. 159, 53 L.Ed. 332.